PER CURIAM.
In this case, appellant Leroy Williams appeals to this court from an order summarily denying a post-conviction motion for relief under Fla.R.Crim.P. 3.850.
Appellant, Ernest Lee Dixon, and Herbert Godbolt were indicted for the murder of Gerald “Pops” Brown. After a jury trial, appellant was found guilty of murder in the third degree and sentenced to imprisonment for a period of fifteen years.
Appellant alleges in his motion that he was denied effective assistance of counsel in that his court-appointed attorney failed to object to the use of his confession and failed to move to suppress evidence pertaining to the body of the victim.
It appears from the record that appellant’s allegation of defense counsel’s failure to object to the use of his confession is not true. A defense motion to suppress his confession was made and denied. The lower court’s summary denial, without hearing, of that portion of appellant’s post-conviction motion concerning his confession was therefore proper.
However, the record does not directly refute appellant’s other allegation. There is no indication that appellant’s counsel ever moved to suppress evidence relating to the body of the victim. But an order entered by the trial court on September 15, 1975 indicates that counsel for appellant’s co-defendants did file such a motion, that the motion was granted, and that evidence pertaining to Brown’s body was therefore not used against them.
Fla.R.Crim.P. 3.850(e) provides in pertinent part as follows:
If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the other [sic]. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. (Emphasis added)
The portions of the records attached to the trial court’s order do not conclusively show that appellant’s second allegation is untrue. With respect to this situation, Fla. R.App.P. 9.140(g) provides in part that “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Accordingly, we hereby reverse and remand this cause to the trial court for an evidentiary hearing to determine whether defense counsel failed to move to suppress the evidence pertaining to the victim’s body as was done by counsel for *1167 appellant’s co-defendants, and if so, whether such failure constituted a denial of appellant’s right to effective aid of counsel.
Reversed and remanded.
GRIMES, Acting C. J., and SCHEB and DANAHY, JJ., concur.